IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVEN RAY STOKES,
         Petitioner,

vs.                                     Case No. 3:12cv60/RV/EMT

UNITED STATES OF AMERICA,
         Respondent.

## REPORT AND RECOMMENDATION

      This case is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1). The court notes that Petitioner failed to file his petition on the court-approved form for use in section 2241 cases. Local Rule 5.1(J) for the Northern District of Florida states that the court will not accept for consideration an application for writ of habeas corpus under section 2241 unless the appropriate petition form is properly completed and filed. However, in this instance, requiring amendment would be futile as the petition is subject to dismissal.

      Petitioner pleaded guilty in May of 2003 to controlled substance and firearms offenses, pursuant to a written plea and cooperation agreement in this court (case 3:03cr20/RV, doc. 50). He was sentenced on September 5, 2003 to a term of 204 months, which, on March 5, 2007, was reduced to 180 months (case 3:03cr20/RV, docs. 78, 100). The docket in Petitioner's criminal case reflects that he did not appeal, and he filed no post-conviction motions.

      Petitioner states that he submits the instant petition pursuant to 28 U.S.C. § 2241 and the "savings clause" under 28 U.S.C. § 2255. He asserts that he is "actually innocent" of the assessed sentence enhancements, and he raises three grounds for relief. First, he contends that his sentence should not have been enhanced pursuant to U.S.S.G. § 3B1.1(a) for his role in the offense. Second, he contends that the district court erred in adopting the quantity of drugs set forth in the pre-sentence

investigation report ("PSR"), and that counsel was constitutionally ineffective for his failure to challenge this quantity finding, including on appeal. Third, he contends that counsel was constitutionally ineffective for his failure to file an appeal.

A petition pursuant to title 28 U.S.C. § 2241 is not the proper vehicle for raising the instant challenge. The continuation or execution of an initially valid confinement is generally the sole issue in a § 2241 action. *See* Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (citing McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)); Broussard v. Lippman, 643 F.2d 1131 (5th Cir. 1981); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); Bishop v. Reno, 210 F.3d 1295, 1304 (11th Cir. 2000); *see also* Chambers v. United States, 106 F.3d 472, 474–75 (2nd Cir.1997) (noting that § 2241 allows challenges to the execution, rather than imposition of, a sentence and articulating instances where a federal prisoner may properly file a § 2241 petition). Title 28 U.S.C. § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and types of detention. *See* Thompson v. Choinski, 525 F.3d 205, 209 (2nd Cir. 2008). A collateral attack on the validity of a federal conviction and sentence, is more properly brought under 28 U.S.C. § 2255 in the district of conviction. Antonelli, 542 F.3d at 1351; Jordan, 915 F.2d at 629; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hadjuk v. United States, 764 F.2d 795 (11th Cir. 1985). A defendant may not circumvent the procedural limitations on § 2255 motions simply by styling his motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

> Title 28 U.S.C. § 2255(e) provides in pertinent part:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999) (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause," and could allow habeas corpus review of a claim barred as successive, or in this case as untimely, under § 2255, but only in limited circumstances.

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244 (footnote omitted); Darby v. Hawk-Sawyer, 405 F.3d. 942, 945 (11th Cir. 2005); *see also* Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001); United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001).  Failure to meet a single prong means a petitioner's claim fails.  *See* Wofford, 177 F.3d at 1244; Flint v. Jordan, 514 F.3d 1165, 1168 (11th Cir. 2008). In this case, Petitioner's claim does not meet any of the three prongs.  Furthermore, his argument that he is entitled to relief because he is "actually innocent" of a guidelines sentencing adjustment is squarely foreclosed by the Eleventh Circuit's decision in Gilbert v. United States, 640 F.3d 1293, 1320 (11th Cir. 2011).  In Gilbert, the court noted that a defendant who is convicted and has a guidelines adjustment applied to his sentence "has not been convicted of being guilty of the enhancement" because "[i]f guidelines enhancements were crimes, they would have to be charged in the indictment and proven to the jury beyond a reasonable doubt."  *Id.*

To the extent Petitioner claims that he cannot pursue his claims via 28 U.S.C. § 2255, more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion. Restrictions on section 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause.  Wofford, 177 F.3d at 1244–45; *see also* In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998) (noting that it cannot be right and would nullify the Antiterrorism and Effective Death Penalty Act ("AEDPA") limitations if a prisoner, prevented from obtaining relief under § 2255, could simply turn to § 2241).  Section 2241 does not provide an additional, alternative or supplemental remedy to 28 U.S.C. §2255 or an additional bite at the proverbial apple, particularly when the identical issues could have been raised in a timely § 2255 motion or on direct appeal.  *See, e.g.*, Wofford, *supra;* Triestman v. United States, 124 F.3d 361, 376 (2nd Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).  The fact that Petitioner cannot meet the gate-keeping requirements of the AEDPA does not open the door to a § 2241 petition.  Jiminian v. Nash, 245 F.3d 144, 147-48 (2nd Cir. 2001); Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999).  And,  section 2255 is not inadequate or ineffective merely because the

one-year statute of limitations has expired.  Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3rd Cir. 2002); Haugh v. Booker, 210 F.3d 1147 (10th Cir. 2000).

Accordingly it is respectfully RECOMMENDED:

That the petition for writ of habeas corpus under § 2241 (doc. 1) be summarily denied and dismissed, as Petitioner is not entitled to proceed under this section.

At Pensacola, Florida this 10th day of February, 2012.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within **FOURTEEN (14) DAYS** after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**